## San Antonio & Aransas Pass Railway Company v. J. C. Stribling.

### No. 1476. Decided November 16, 1905.

**1.—Carrier—Penalty—Failure to Deliver to Connecting Line.**

The penalty pronounced by subdivision 2, article 4575, Revised Statutes, for failure or refusal of a railway to transport and deliver cars, etc., "destined" to any point on or over the line of a connecting road, applies only to the destination named by the contract of shipment, and not to a refusal to name such route or destination as the shipper desires. (Pp. 321, 322.)

**2.—Same.**

The penalty for failure to deliver to the destined connecting line was recoverable where a car loaded at Kerrville, on the San Antonio & A. P. Ry., for transportation by that company to San Antonio, the ultimate destination being Graphite, on the Houston & T. C. Railroad, was carried through San Antonio, where the International & G. N. Railroad furnished a nearer connection with the Houston & T. C. Railroad, via Austin, for Graphite, and carried around by the San Antonio & A. P. Railroad to a connection with the Houston & T. C. Railroad at Giddings; but did not apply to cars so transported by way of Giddings under written contracts specifying such route, though the shipper had demanded that they be routed via San Antonio and Austin. (Pp. 320, 321.)

**3.—Carrier—Routing Shipment.**

The shipper could recover for damages to live stock caused by the refusal of the carrier to route the shipment by the nearest connection as demanded by him, though under such compulsion he made a contract for their transportation by a longer route over other lines. (P. 322.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Llano County.

Stribling sued the San Antonio & A. P. Railway Company and the Houston & T. C. R. R. Co. for damages and penalties, and recovered judgment. Defendants appealed and on affirmance obtained writ of error.

*S. R. Fisher* and *J. H. Tallichet* (*Baker, Botts, Parker & Garwood* and *Houston Bros.* of counsel), for plaintiff in error.—The facts alleged and as to which evidence was adduced by the plaintiff, did not authorize the submission to the jury of the issue of unjust discrimination within the meaning of the statute—the facts alleged and the evidence adduced

in regard thereto not being sufficient in law to constitute a discrimination or an unjust discrimination, or to authorize the recovery of penalties therefor against the San Antonio & Aransas Pass Railway Company by the plaintiff. It appears from the evidence that in the case of three of said shipments plaintiff or his agents and employes had voluntarily executed written contracts providing for the transportation of said hogs by said defendant from Kerrville, Texas, to Giddings, Texas, thereby waiving the alleged demand that said shipments be routed by way of the International & Great Northern Railroad Company.

The San Antonio & Aransas Pass Railway Company rested under no duty or obligation to bill said hogs through by any route, and can not be held liable for its refusal to assume liability beyond its own line. Inman v. St. Louis S. W. Ry. Co., 37 S. W. Rep., 37.

The court erred in admitting in evidence the testimony referring to negotiations leading up to the making of written contracts which were in no sense ambiguous, and which could not be altered or amended by such parol evidence. Plaintiff contracted for the transportation of his hogs by way of Giddings, and the fact that he would have preferred to ship them by some other route had naught to do with the case.

*Chas L. Lauderdale,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by the defendant in error, Stribbling, to recover of the plaintiffs in error, the San Antonio & Aransas Pass Railway Company and the Houston & Texas Central Railway Company, damages and penalties for which plaintiff claimed the defendants had become liable to him in the shipment of certain hogs over the two roads from Kerrville, on the first road, to Graphite, on the second.

The hogs, amounting to four carloads, were owned by plaintiff at Kerrville and, desiring to ship them to Graphite, he applied to the first named defendant's agent at Kerrville for cars for that purpose, which were furnished, and, as he finished loading them for shipment, he demanded that they be carried by that company over its road to San Antonio and there delivered to the International & Great Northern Railroad Company, with whose line defendant connected, for transportation by that company to Austin for delivery to the Houston & Texas Central Company to be carried by it to Graphite. This the agent refused to do, saying that he would only send the cars over his road through San Antonio to Giddings and deliver them at that point to the other defendant. The same demand and refusal were made with regard to all of the carloads of hogs, which were delivered at different times with intervening intervals of a few days. The cars, as loaded, were delivered to and received by the first named defendant, and were sent over its road to Giddings and were there delivered to its codefendant, by whom they were carried to their destination. As each car was shipped out a written contract was executed to govern the transportation. The first bound the receiving company only to carry to San Antonio, mentioning Graphite as the ultimate destination of the property; the other three bound the company to carry to Giddings also naming Graphite as the destination.

The plaintiff recovered against the San Antonio & Aransas Pass Company a penalty of $500.00 for each car as for its failure and refusal to deliver it to the International & Great Northern Railroad at San Antonio, and to sustain this recovery he relies on the second subdivision of Article 4574, Revised Statutes, and upon Article 4575 giving a penalty for the violation of the first cited provision. Subdivision 2 is as follows:

"2. Every railroad company which shall fail or refuse, under such regulations as may be prescribed by the commission, to receive and transport without delay or discrimination the passengers, tonnage and cars, loaded or empty, of any connecting line of railroad, and every railroad which shall, under such regulations as may be prescribed by the commission, fail or refuse to transport and deliver without delay. or discrimination any passengers, tonnage or cars, loaded or empty, destined to any point on or over the line of any connecting line of railroad, shall be deemed guilty of unjust discrimination; provided, perishable freights of all kinds and live stock shall have precedence of shipment."

We are of the opinion that a case was made for recovery of the penalty for the refusal of the carrier to deliver the first car as demanded. Under the decision in the case of Inman & Company v. The St. Louis Southwestern Railway Company, 37 S. W. Rep., 37, the plaintiff had the right to have the property received and carried by the first carrier to San Antonio and delivered to the connecting carrier selected by him. That decision, upon this question at least, was examined and approved by this court on application for writ of error (93 Texas, 643). This right was asserted, and the carrier to whom the San Antonio & Aransas Pass Railway Company should deliver the property was properly designated by plaintiff so as to impose the duty to deliver accordingly. The contract for the shipment of the first car only bound that company to carry to San Antonio, at the same time stating the ultimate destination as Graphite, all of which was consistent with the routing given by the plaintiff. We think it follows that this car was, in the language of the statute, "destined to" a point over the International & Great Northern Railroad, and that the failure and refusal of the first carrier to deliver to that road is within the provision imposing the penalty.

As to the three other cars the case is different. The offense alleged by plaintiff is that defined in the second provision of subdivision 2 and it is committed only by a failure or refusal of one carrier to transport and deliver to a connecting carrier over whose road the cars, etc., are "destined." In order to recover a penalty, the car must be brought within the very terms of the statute giving it, and these can not be extended so as to embrace acts not covered by their language, although those acts be wrongful. By the contracts under which the other three cars were transported they were destined, not to San Antonio and over the International & Great Northern Railroad, but Giddings and over the Houston & Texas Central Railroad, and that this resulted from the illegal demand of the first carrier does not change the destination. The penalty is not given for the refusal of the carrier to allow the owner of goods to select the roads over which they shall be carried, but for the

failure or refusal to transport and deliver as they are actually destined. For a refusal to receive goods tendered for shipment other remedies are provided. The plaintiff having the right, under the law as laid down in the case cited, to have his property received and carried as he directed, would have had his remedies had the carrier refused to receive it for such carriage. But when he made these contracts and delivered the property which was received and transported under them, other rights with their appropriate remedies arose, and these do not include the right to recover a penalty given only for another character of wrong. Under the contracts it was the duty of the carrier to deliver the property at Giddings to its connecting carrier there, which it did, and not at San Antonio to another carrier; and had it failed to perform that duty it would have been liable to plaintiff.

That plaintiff signed the contracts without reading them and in order to get his hogs shipped does not bring the case within the terms of the statute giving the penalty. Nor would the fact, if it existed, that the contracts were without consideration have that effect. The difficulty remains that they fixed the destination, and this determines the right to the penalty. While we do not see how it can be said that the contracts were without consideration, it is unnecessary to discuss that question, since a consideration was unnecessary for the act of plaintiff in fixing the route by Giddings, so as to determine the destination of the shipment and the dependent question as to the penalty. The same considerations do not apply when we come to consider the liability of the first carrier for damages. A wrong was done by it in sending plaintiff's property over a different and longer route than the one selected by him, and, although no penalty is given by the statute discussed for that wrong, he is entitled to recover any damage occasioned by it; and the evidence offered to show the transactions between the plaintiff and defendant's agent was admissible.

Besides the error of the trial court in allowing the penalties just discussed, none requiring a reversal of the judgment is pointed out in the application for writ of error. The verdict of the jury separates the amounts found as damages from those found as penalties and shows that each of the four penalties allowed was fixed at five hundred dollars, so that the judgment may be corrected without remanding the cause. So much of the judgment against the San Antonio & Aransas Pass Railway Company as allows $1,500 as penalties for the three last cars will be reversed and judgment will be here rendered for the plaintiff upon the verdict, for the remainder of the amount allowed below, that company, however, recovering costs of appeal and writ of error. The judgment against the Houston & Texas Central Railway Company will be affirmed.                    *Affirmed in part.*
                                     *Reversed and rendered in part.*